IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KENNETH W. MULLINS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 10993 |
| ) | |
| **OGLE COUNTY LOCAL GOVERNMENT**, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

On December 7, 2015 this District Court received a 42 U.S.C. 1983 Complaint filed by pro se prisoner plaintiff Kenneth Mullins ("Mullins"), and the case has been assigned to this Court's calendar via random assignment. This memorandum order is issued sua sponte because Mullins' filing was mistakenly lodged in the Eastern Division rather than the Western Division of the Northern District of Illinois.

Mullins' Complaint seeks relief for injuries that he sustained on December 8, 2013 while he was housed at the Ogle County Jail by the United States Marshals Service as a pretrial detainee. There is no need to describe the nature of the incident about which he complains -- suffice it to say that his named defendants comprise what he describes as the "Ogle County Local Government" and no fewer than 20 individuals (18 named defendants and 2 "Doe" defendants), every one of whom is also identified with Ogle County. As indicated in the preceding paragraph, Ogle County is located in the Western Division of this judicial district, and no aspect of Mullins' lawsuit is in any way linked with this Eastern Division.[1]

---

[1] Mullins is now incarcerated at FCI Greenville, located in the Southern District of Illinois.

Under the circumstances, 28 U.S.C. § 1406(a) calls for this action, which does not qualify for lodging venue here under 28 U.S.C. § 1391, to be dismissed "or if it be in the interest of justice, transfer[red] . . . to any district or division in which it could have been brought." This Court sees no reason that pro se plaintiff Mullins should be required to start all over again as a result of a dismissal, and it therefore orders this action -- indeed in the interest of justice -- to be transferred to the United States District Court for the Northern District of Illinois, Western Division. That court may determine whether the action should proceed at Rockford or at Freeport.

Just a few added words are in order. This Court has not sought to deal with other deficiencies in Mullins' filing, such as the insufficiency of his in forma pauperis request due to his noncompliance with the requirements of 28 U.S.C. § 1915. That, like all other aspects of the litigation, will of course be left to the judge to whom the case is assigned in the Western Division.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 16, 2015